UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH WEATHERBY,

      Plaintiff,

      v.                                        Case No:  2:16-cv-244-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## OPINION AND ORDER

Plaintiff, Elizabeth Weatherby, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff protectively filed an application for a period of disability and DIB on July 5, 2007. (Tr. 134-36). In the application, Plaintiff alleged she became disabled on May 24, 2006. (Tr. 134). At the conclusion of the administrative hearing, Administrative Law Judge Scott A. Tews issued an unfavorable decision (Tr. 23-39), and, thereafter, the Appeals Council denied Plaintiff's request for review. (Tr. 2-4). However, after review by the district court, the Appeals Council vacated the previous decision, and remanded Plaintiff's case back to the administration for consideration of additional issues. (Tr. 523-28, 529-31). A subsequent hearing was held before Administrative Law Judge Maria C. Northington (the "ALJ") on June 8, 2015 (Tr. 442-503), and at the conclusion of the hearing, the ALJ again issued an unfavorable decision. (Tr. 414-44). Plaintiff initiated the instant action by Complaint (Doc. 1) on March 30, 2016. The case is now ripe for review pursuant to 42 U.S.C. § 405(g).

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of May 24, 2006, through her date last insured of December 31, 2008. (Tr. 419). At step two, the ALJ found that Plaintiff had the following severe impairments through her date last insured: lumbar L5/S1 disc protrusion

and adjustment disorder with anxiety. (Tr. 419). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 421).

Before proceeding to step four, the ALJ found that during the period at issue and secondary to her combined physical impairments, Plaintiff had the residual functional capacity ("RFC") to perform

> light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Title (DOT) and regulations, as well as, carry 10 pounds frequently. This includes sedentary work as defined in Dictionary of Occupational Title (DOT) and the regulations. The claimant had no limits for sitting in an eight-hour workday. She was capable of standing and/or walking for up to six hours in an eight-hour workday. In the course of work, she should have been allowed the ability to optionally alternate between sitting and standing about every 60 minutes, but such would not have caused her to be off-task nor would it have caused her to leave the workstation. She was able to perform occasional postural functions of climbing ramps, stairs, kneeling, and stooping. She was to perform no crawling, no crouching and no climbing ladders, ropes, or scaffolds. The claimant was to perform no overhead lifting, no overhead carrying and no overhead reaching with the bilateral upper extremities, but frequent, occasional and gross manipulations remain intact. The claimant was to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. Secondary to a one time diagnosis of an adjustment disorder, the claimant retained the capacity to understand, remember, and carry out at least SVP 3 instructions and perform SVP tasks as consistent with lowest of semi-skilled work.

(Tr. 423). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work as a "Home Depot stocker building sales rep," and "stock broker includes compliance officer." (Tr. 432).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can

perform. (Tr. 432). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work such occupations as telephone solicitor, check cashier, touchup inspector, ticket checker, copy machine operator, and ticket seller. (Tr. 433). The ALJ concluded that Plaintiff had not been under a disability from May 24, 2006, through the date of the decision, December 31, 2008. (Tr. 434).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to reference and weigh the opinions of multiple physicians; (2) whether the ALJ erred by rejecting the opinion of Plaintiff's treating physician Konstantine Yankopolus, M.D.; and (3) whether the case should be reversed and remanded for an immediate award of benefits. The Court will address each issue in turn.

**1)  Whether the ALJ erred by failing to reference and weigh the opinions of multiple physicians.**

Plaintiff argues that the ALJ erred by failing to reference and weigh the opinion of three medical doctors: Earl J. Campazzi, Jr., M.D., John Wilson, M.D., and Manuel Gallego, M.D. (Doc. 26 p. 13). Plaintiff contends that the ALJ was required to consider and weigh opinions of different medical sources in the record and her failure to do so resulted in the decision being unsupported by substantial evidence. (Doc. 26 p. 14).

In response, Defendant argues that Plaintiff mistakenly cites Dr. Campazzi as her physician, while the ALJ correctly identified Neil R. Schultz, M.D., as Plaintiff's treating physician. (Doc. 28 p. 9). Defendant contends that the ALJ fully considered the treatment notes from Dr. Schultz. (Doc. 28 p. 10-11). In addition, Defendant argues that to the extent Plaintiff is arguing that the ALJ failed to assign a weight to the treatment notes, the argument fails because the notes do not constitute a medical opinion. (Doc. 28 p. 10). As to Dr. Wilson, Defendant

contends that the ALJ fully considered Dr. Wilson's treatment notes and opinion and accorded them significant weight. (Doc. 28 p. 11-12). Finally, Defendant argues that Plaintiff failed to show that Dr. Gallego's opinion was relevant to the period of time at issue, as it was given over six years after Plaintiff's date last insured. (Doc. 28 p. 13).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

While Plaintiff is correct that the ALJ did not mention the name "Dr. Campazzi" the ALJ nevertheless discussed Dr. Campazzi's treatment notes at length in his opinion. The letterhead on Dr. Campazzi's treatment notes state in large, all-capitalized letters "Neil R. Schultz, M.D." (Tr. 218-21). These treatment notes state at the bottom "Earl J. Campazzi, Jr. M.D. for Neil R. Schultz, MD" (Tr. 219, 221). In her decision, the ALJ addressed these documents as follows:

> Neil Schultz, M.D. evaluated the claimant on May 24, 2006, for complaints of neck, mid-back, and low back pain. Dr. Schultz noted on examination that the claimant had grip strength weakness, right upper extremity weakness, and neck tenderness. Dr. Schutlz reported that the claimant had one area of tenderness at the vertebrae possibly at T8 where there was a fracture. Dr. Schultz noted mild to moderate muscle spasm of

> the lumbar spine with limitation of forward flexion. Dr. Schultz diagnosed the claimant with cervical and trapezius myofascial pain syndrome, cervical facet pain, moderate narrowing of the left existing neural foramen at C4-5, right shoulder impingement syndrome, possible right rotator cuff tear, lumbar facet pain, and paracentral disc protrusion at L5-S1. Dr. Schultz indicated in subsequent treatment notes that the claimant had right C6 radiculopathy, poor posture, lumbar lordosis, hip contractures, and limitation of motion of the entire spine with widespread tenderness. On November 22, 2006, the claimant underwent a bilateral L5-S1 transforaminal epidural steroid injection (Exhibit 2F, pages 1-2, 5).

(Tr. 424).

The Court finds that the ALJ did not commit reversible error in her treatment of Dr. Campazzi's treatment notes and opinion. The ALJ understandably misattributed the treatment notes completed by Dr. Campazzi to Dr. Schultz, but nevertheless discussed this evidence at length in her opinion as demonstrated above. While Plaintiff is correct that the ALJ did not specifically state the weight assigned to these treatment notes, this fact does not warrant remand. The treatment notes completed by Dr. Campazzi do not constitute medical opinions the ALJ was required to specifically weigh as the notes did not comment on Plaintiff's ability to work. *See, e.g.,* Valentin v. Acting Comm'r of Soc. Sec. Admin., 2017 WL 840918, at *5 (M.D. Fla. Mar. 3, 2017) (noting that treatment notes that do not identify specific physical and mental restrictions caused by impairments are not medical opinions that must be weighed); *Chester v. Comm'r of Soc. Sec.*, 2015 WL 9592444, at *4 (M.D. Fla. Dec. 11, 2015) (explaining that treatment notes that do not comment on a claimant's ability to work are not "medical opinions" that an ALJ errs by failing to weigh).

Plaintiff also contends that the ALJ erred by failing to weigh the July 22, 2006 opinion of Dr. Campazzi that Plaintiff's functional limitations are of such severity that she cannot perform work even at sedentary level. (Doc. 26 p. 13). The Court rejects this argument. First, the record does not contain an opinion by Dr. Campazzi dated July 22, 2006. It appears that Plaintiff is referring to the "Florida Workers' Compensation Uniform Medical Treatment Status Reporting

Form" that was completed by Dr. Campazzi on June 23, 2006. (Tr. 246-47). On the form, Dr. Campazzi marked a box that states "The injured worker's functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform work, even at a sedentary level, at this time (e.g. hospitalization, strict bed rest, cognitive impairment, infection/contagion)." (Tr. 247). The form called for Dr. Campazzi to identify from a list on the form the functional activities for which Plaintiff had a limitation and restriction. (Tr. 247). Dr. Campazzi did not indicate any activities, instead writing only "off work." (Tr. 247).

While the ALJ did not specify the weight accorded to this form, the Court does not find that remand is appropriate. The "opinion" is merely an "x" on a form. Dr. Campazzi did not identify with any specificity the limitations and restrictions preventing Plaintiff from performing sedentary work. Dr. Campazzi's statement that Plaintiff is "off work" does nothing to illuminate Plaintiff's functional limitation. Whether a claimant is disabled is an issue reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1). Thus, Dr. Campazzi's conclusory finding that Plaintiff cannot perform even sedentary work because she is "off work" is not entitled to any special significance. 20 C.F.R. § 404.1527(d)(3).

Turning now to Plaintiff's argument concerning Dr. Wilson, the Court finds that remand is not appropriate. Plaintiff argues that the ALJ erred by failing to weigh Dr. Wilson's opinion, given on several occasions in 2007, that Plaintiff cannot work. (Doc. 26 p. 13) citing (Tr. 353, 355, 357, 359). The pages to which Plaintiff cites in the record are multiple Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Forms dated June 11, 2007, July 17, 2007, August, 16, 2007, September 24, 2007. (Tr. 353, 355, 357, 359). On each of these forms, under the section entitled "Functional Limitations and Restrictions" Dr. Wilson wrote "unable to work at this time." (Tr. 353, 355, 357, 359). Dr. Wilson provided no further clarification or specific description of

Plaintiff's functional limitations. These conclusory opinions directly concern an issue reserved for the Commissioner, i.e., whether Plaintiff is disabled. 20 C.F.R. § 404.1527(d)(1). Accordingly, the Court finds no error in the ALJ's failure to directly address and weigh them.

In any event, the ALJ's decision shows that careful attention was given to the medical evidence from Dr. Wilson, which the ALJ referenced and weighed. The ALJ noted that Dr. Wilson evaluated Plaintiff on May 11, 2007, for complaints of low and mid-back pain that radiated into the lower extremities, and neck pain. (Tr. 349-51, 425). The ALJ noted that on examination, Dr. Wilson noted that Plaintiff was alert, oriented, and followed simple and complex commands without difficulty. (Tr. 350, 425). Plaintiff's memory, reasoning, and mood were normal, her motor strength was 5/5 and normal of the bilateral upper and lower extremities with normal tone and sensation, and overall, Plaintiff presented as neurologically intact. (Tr. 350, 425). The ALJ noted that Dr. Wilson diagnosed Plaintiff with chronic non-terminal pain with areas of involvement including the cervical and lumbar spine, and status post extensive cervical discectomy. (Tr. 350-51, 425). The ALJ further noted that from June to August 2007, Dr. Wilson's physical examinations of Plaintiff were unchanged and normal. (Tr. 337-48, 425). Dr. Wilson eventually opined that he would complete paperwork returning Plaintiff to work at either the light duty or sedentary status, as she appeared to have reached MMI (maximum medical improvement) regarding her back. (Tr. 337-39, 426). On December 4, 2007, Dr. Wilson discharged Plaintiff from his care with no explanation. (Tr. 336, 426). In considering Dr. Wilson's treatment notes, the ALJ accorded significant weight to Dr. Wilson's multiple examinations and opinions, as they supported the ALJ's ultimate findings (Tr. 426). Substantial evidence supports the ALJ's treatment of Dr. Wilson's notes and opinions.

The Court turns now to Plaintiff's arguments related to Dr. Gallego. Plaintiff alleges Dr. Gallego is her treating psychiatrist and that on June 5, 2015, he opined that Plaintiff had significant limitations in basic work activities and that Plaintiff has been disabled from substantial gainful activity since May 24, 2015. (Doc. 26 p. 13) citing (Tr. 824-25). Plaintiff contends that the ALJ erred by failing to reference or weigh this opinion. (Doc. 26 p. 13-14).

The Court finds that the ALJ did not err by failing to reference and weigh the treatment notes and opinion from Dr. Gallego. The opinion to which Plaintiff refers is a Mental Residual Capacity Assessment Form in which Dr. Gallego marked "yes" to the question "Has the patient been disabled from substantial gainful work since 5/24/2006?" (Tr. 809). Besides the fact that this question and the response touch upon the ultimate issue of disability which is reserved for the Commissioner, Plaintiff has failed to show that Dr. Gallego's opinion was relevant to determining whether Plaintiff was disabled during the relevant time period from Plaintiff's alleged onset date of May 24, 2006, through her date last insured of December 31, 2008. Plaintiff acknowledges that Dr. Gallego did not examine Plaintiff during the relevant period and there is no indication that Plaintiff visited Dr. Gallego prior to 2015. Dr. Gallego provides no explanation as to how he determined that Plaintiff has been disabled since May 24, 2006. Dr. Gallego's opinion, offered over six years after the period at issue, is of no value in evaluating Plaintiff's condition during the relevant time period. For this reason, the Court finds that Dr. Gallego's opinion does not relate back and the ALJ committed no error in failing to reference and weigh the opinion.

**2) Whether the ALJ erred by rejecting the opinion of Plaintiff's treating physician Konstantine Yankopolus, M.D.**

Plaintiff argues that the ALJ did not have "good cause" to reject the opinion of Plaintiff's treating physician, Dr. Yankopolus. (Doc. 26 p. 15). Plaintiff contends that it was improper for the ALJ to reject Dr. Yankopolus' opinion on the basis that it was given after Plaintiff's date last

insured. (Doc. 26 p. 15). In addition, Plaintiff contends that the ALJ's other reason for rejecting Dr. Yankopolus' opinion, i.e., that the record documents normal physical examinations during the time period at issue, is not supported by substantial evidence. (Doc. 26 p. 16). Plaintiff contends that contrary to the ALJ's statement, the record shows that Plaintiff has had significant pain problems, had limitations in range of motion, had marked amount of pain, and her lumbar back pain was significant enough to warrant a back surgery based on the opinion of Plaintiff's neurosurgeon. (Doc. 26 p. 17).

In response, Defendant argues that Dr. Yankopolus was a one-time examiner whose opinion was not entitled to any special deference. (Doc. 28 p. 15). In addition, Defendant argues that the ALJ properly noted that Dr. Yankopolus' opinion was given well after the expiration of Plaintiff's date last insured and that the medical evidence of record during the relevant period revealed mostly normal physical limitation findings, which contradict Dr. Yankopolus' opinions of disabling conditions. (Doc. 28 p. 15-16).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

In this case, the Court finds that the ALJ committed no error in her treatment of Dr. Yankopolus' opinion. The ALJ noted that relevant medical evidence of record shows normal

physical examinations during the adjudicatory period, which contradicts Dr. Yankopolus' opinions of disabling conditions. While the ALJ did not directly cite to these records in his discussion of Dr. Yankopolus' opinion, the ALJ performed a thorough analysis of the medical evidence across seven, single-spaced pages preceding his discussion of Dr. Yankopolus' opinion. While Plaintiff is correct that not all of her physical examinations during the adjudicatory period were "normal," the ALJ's discussion of the medical evidence provides amble support for his finding that Plaintiff was not as disabled as alleged by Dr. Yankopolus.

By finding that substantial evidence supported the ALJ's RFC determination the Court does not mean that there is no evidence that runs contrary to the ALJ's conclusions. As noted above, however, substantial evidence "is such relevant evidence as a reasonable person would accept as adequate support to a conclusion" and "[e]ven if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford*, 363 F.3d at 1158. Here, the ALJ's decision is supported by such evidence that a reasonable person would accept as adequate. Plaintiff has failed to carry his burden on demonstrating disability. Accordingly, the Court will not disturb the ALJ's findings.

**3) Whether the case should be reversed and remanded for an immediate award of benefits.**

As Plaintiff has failed to show that the ALJ committed reversible error, the Court rejects Plaintiff's argument that the case should be reversed and remanded for an immediate award of benefits.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2017.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties